**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **SYLVESTER BONNER, Jr.,** ) | |
| ) | **Case No. 12 C_____** |
| **Plaintiff,** ) | |
| **v.** ) | **Judge _____** |
| ) | |
| **DANIEL O'TOOLE, UNKNOWN** ) | **Magistrate Judge _____** |
| **OFFICERS OF THE CHICAGO POLICE** ) | |
| **DEPARTMENT, and CITY OF CHICAGO,** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendants.** ) | |

## CIVIL RIGHTS COMPLAINT

Plaintiff, SYLVESTER BONNER, Jr., by and through his attorney, Irene K. Dymkar, and complaining against defendants, DANIEL O'TOOLE, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, states as follows:

### NATURE OF CLAIM

1.      This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 [42 U.S.C. § 1983], to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law.  Specifically here, defendants deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

### JURISDICTION AND VENUE

2.      Jurisdiction is based upon 28 U.S.C. §§ 1343 and 1331.

3.      Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

4.      At all times herein mentioned, plaintiff, SYLVESTER BONNER, Jr.

(BONNER), was and is a citizen of the United States and resides within the jurisdiction of

the Court.

5.      At all times herein mentioned, defendants DANIEL O'TOOLE (O'TOOLE)

and UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT (UNKNOWN

OFFICERS) were officers employed by the Chicago Police Department and were acting

under color of state law and as employees or agents of the CITY OF CHICAGO, Illinois.

6.      Defendant CITY OF CHICAGO is a municipal corporation, duly organized

under the laws of the State of Illinois.  Defendant CITY OF CHICAGO maintained,

managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

### Illegal Entry and Search

7.      On February 12, 2010, SYLVESTER BONNER, JR. lived at 4929 W. Adams,

Apartment BA, Chicago, Illinois, a basement apartment.

8.      The building in which BONNER lived is a courtyard apartment building

having in excess of 30 residential units.

9.      The building has four levels, that is, basement, first floor, second floor, and

third floor.

10.      In the evening of February 12, 2010, defendants DANIEL O'TOOLE and

UNKNOWN OFFICERS entered 4929 W. Adams, Apartment BA, without permission,

without a warrant for the home, and without probable cause.

2

11.     Defendants DANIEL O'TOOLE and UNKNOWN OFFICERS searched 4929 W. Adams, Apartment BA, without permission, without a warrant for the home, and without probable cause.

### Warrant for Another Apartment

12.     Defendants DANIEL O'TOOLE and UNKNOWN OFFICERS had in their possession a search warrant for the "entire 1st floor of the three flat building located at 4929 W. Adams."

13.     On the search warrant, the address 4929 W. Adams was written in and initialed. The typed address was 4927 W. Adams.

14.     The target listed on the search warrant was a female black named Shu-Shu.

15.     On February 12, 2010, Shu-Shu did not live at 4929 W. Adams, Apartment BA, plaintiff's basement apartment.

16.     On February 12, 2010, upon information and belief, Shu-Shu lived at 4929 W. Adams, Apartment 1B, a first floor apartment.

### Warrant Obtained with False and Unreliable Information

17.     Defendants DANIEL O'TOOLE and UNKNOWN OFFICERS had procured a search warrant for the "1st floor of the three flat building" at 4:30 PM on February 12, 2010, by appearing before a criminal court judge.

18.     Defendants knew that their alleged informant was unreliable and that his information about the location and alleged criminal activity was unreliable.

19.     Defendants knew that the information presented to the judge was not true, had not been verified, and was not verifiable.

3

20.     Defendants intentionally presented false information to the judge in order to obtain the search warrant and it was in reliance on that false information that the judge signed the warrant.

**Illegal Execution of Search Warrant and Seizure of Property**

21.     When defendants O'TOOLE and UNKNOWN OFFICERS illegally entered plaintiff's home, they broke the door to the apartment and ransacked the apartment, turning furniture over and pulling personal property out of closets and drawers

22.     Defendants damaged plaintiff's property and left the apartment in total disarray.

23.     Defendants O'TOOLE and UNKNOWN OFFICERS  seized various items of plaintiff's personal property, all without a warrant, without permission, and without legal cause.

24.     Plaintiff determined that a computer, a cellphone, a surround sound system, and other items were missing from his apartment.

25.     By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

26.     The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

27.     By reason of the above-described acts and omissions of the defendant police officers, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of

4

his rights.  By reason thereof, plaintiff requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
### Plaintiff, BONNER, Against Defendants, O'TOOLE , UNKNOWN OFFICERS, and CITY OF CHICAGO, for Unconstitutional Entry of Home

28.     Plaintiff, SYLVESTER BONNER Jr.,  incorporates and realleges paragraphs 1 - 27, as though set forth herein in their entirety.

29.     Defendant police officers O'TOOLE and UNKNOWN OFFICERS entered plaintiff's home at 4929 W. Adams, Apartment BA, in Chicago, Illinois, without a warrant for the home, without permission, and without legal cause, thus invading and violating plaintiff's security and privacy.

30.     By reason of the conduct of defendants O'TOOLE and UNKNOWN OFFICERS, plaintiff, BONNER, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.   Therefore, the individual defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.

31.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.     As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train,

5

supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

b.      As a matter of both policy and procedure, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiff.

c.      Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department enter citizens' homes without a warrant and without permission in a manner similar to that alleged by plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases.

d.      Municipal policy-makers are aware of , and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

e.      The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of same, thereby causing the types of injuries alleged here.

32.     By reason of the policy and practice of the Chicago Police Department, plaintiff,

BONNER, was deprived of rights, privileges and immunities secured to him by the Fourth and

Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

Therefore, the City of Chicago is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT II
### Plaintiff, BONNER, Against Defendants, O'TOOLE , UNKNOWN OFFICERS, and CITY OF CHICAGO, for Unconstitutional Search of Home

33.     Plaintiff, SYLVESTER BONNER Jr.,  incorporates and realleges paragraphs 1 -

27, as though set forth herein in their entirety.

34.     Defendant police officers O'TOOLE and UNKNOWN OFFICERS searched

plaintiff's home at 4929 W. Adams, Apartment BA, in Chicago, Illinois, without a warrant for

the home, without permission, and without legal cause, thus invading and violating plaintiff's

security and privacy.

35.     By reason of the conduct of defendant police officers O'TOOLE and

UNKNOWN OFFICERS, plaintiff, BONNER, was deprived of rights, privileges and

immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the

United States and laws enacted thereunder.   Therefore, the individual defendants are liable to

plaintiff pursuant to 42 U.S.C. §1983.

36.     The misconduct described in this Count was undertaken pursuant to the policy

and practice of the Chicago Police Department in that:

        a.     As a matter of both policy and practice, the Chicago Police Department

            directly encourages, and thereby the moving force behind, the very type

            of police misconduct at issue here by failing to adequately train,

supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

b.    As a matter of both policy and procedure, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiff.

c.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department search citizens' homes without a warrant and without permission in a manner similar to that alleged by plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases.

d.    Municipal policy-makers are aware of , and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of same, thereby causing the types of injuries alleged here.

37.     By reason of the policy and practice of the Chicago Police Department, plaintiff, BONNER, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the City of Chicago is liable to plaintiff pursuant to 42 U.S.C. §1983.

<u>COUNT III</u>
**Plaintiff, BONNER, Against Defendants, O'TOOLE , UNKNOWN OFFICERS, and CITY OF CHICAGO, for Intentionally Procuring a Search Warrant with False Information**

38.     Plaintiff, SYLVESTER BONNER Jr.,  incorporates and realleges paragraphs 1 - 27, as though set forth herein in their entirety.

39.     Defendant police officers O'TOOLE and UNKNOWN OFFICERS procured a search warrant from the criminal court judge for the first floor of 4929 W. Adams, knowing that the alleged informant was unreliable and that his information about the location and alleged criminal activity was unreliable.

40.     Defendants O'TOOLE and UNKNOWN OFFICERS procured a search warrant from the criminal court judge, knowing that the information presented to the judge was not true, had not been verified, and was not verifiable.

41.     Defendants O'TOOLE and UNKNOWN OFFICERS intentionally presented false information to the judge in order to obtain the search warrant and it was because of that false information that the judge signed the warrant.

42.     Defendants O'TOOLE and UNKNOWN OFFICERS justify their illegal search of plaintiff's home with the fraudulently obtained warrant.

43.     By reason of the conduct of defendant police officers O'TOOLE and UNKNOWN OFFICERS, plaintiff, BONNER, was deprived of rights, privileges and

immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.

44.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.      As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

b.      As a matter of both policy and procedure, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiff.

c.      Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department procure warrants in a fraudulent manner similar to that alleged by plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases.

10

d. Municipal policy-makers are aware of , and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of same, thereby causing the types of injuries alleged here.

45. By reason of the policy and practice of the Chicago Police Department, plaintiff, BONNER, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the City of Chicago is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT IV
### Plaintiff, BONNER, Against Defendants, O'TOOLE , UNKNOWN OFFICERS, and CITY OF CHICAGO, for Intentionally Executing a Search Warrant on the Wrong Apartment

46. Plaintiff, SYLVESTER BONNER Jr.,  incorporates and realleges paragraphs 1 - 27, as though set forth herein in their entirety.

47. Defendant police officers O'TOOLE and UNKNOWN OFFICERS illegally entered plaintiff's home at 4929 W. Adams, Apartment BA, in Chicago, Illinois, to execute a search warrant that incorrectly described the 30+ unit building as a "three flat."

48. Defendants O'TOOLE and UNKNOWN OFFICERS illegally entered plaintiff's home at 4929 W. Adams, Apartment BA, in Chicago, Illinois, to execute a search warrant for "the entire 1st floor apartment," when the apartment building had multiple first floor apartments.

11

49.     Defendants O'TOOLE and UNKNOWN OFFICERS illegally entered plaintiff's home at 4929 W. Adams, Apartment BA, in Chicago, Illinois,, to execute a search warrant for "the entire 1st floor apartment," despite the fact that plaintiff's home was a basement apartment.

50.     By reason of the conduct of defendant police officers O'TOOLE and UNKNOWN OFFICERS, plaintiff, BONNER, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.   Therefore, the individual defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.

51.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

        a.     As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

        b.     As a matter of both policy and procedure, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiff.

        c.     Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department execute

12

warrants in a manner similar to that alleged by plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases.

d.    Municipal policy-makers are aware of , and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of same, thereby causing the types of injuries alleged here.

52.    By reason of the policy and practice of the Chicago Police Department, plaintiff, BONNER, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the City of Chicago is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT V
### Plaintiff, BONNER, Against Defendants, O'TOOLE , UNKNOWN OFFICERS, and CITY OF CHICAGO, for Illegal Seizure of Property

53.    Plaintiff, SYLVESTER BONNER Jr.,  incorporates and realleges paragraphs 1 - 27, as though set forth herein in their entirety.

54.    When defendant police officers O'TOOLE and UNKNOWN OFFICERS illegally searched plaintiff's home, they broke the door to the apartment, turned furniture over, pulled personal property out of closets and drawers   Property was damaged and defendants left the apartment in total disarray.

13

55.     Defendant police officers O'TOOLE and UNKNOWN OFFICERS  seized various items of personal property, all without a warrant, without permission, and without legal cause.

56.     Plaintiff determined that a computer, a cellphone, a surround sound system, and other items were missing from his apartment.

57.     By reason of the conduct of defendant police officers O'TOOLE and UNKNOWN OFFICERS, plaintiff, BONNER, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.   Therefore, the individual defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.

58.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

>           a.      As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

>           b.      As a matter of both policy and procedure, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiff.

14

c.      Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department damage and seize property when illegally searching an apartment in a manner similar to that alleged by plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases.

d.      Municipal policy-makers are aware of , and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

e.      The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of same, thereby causing the types of injuries alleged here.

59.      By reason of the policy and practice of the Chicago Police Department, plaintiff, BONNER, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the City of Chicago is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT VI
**Plaintiff, BONNER, Against Defendants, O'TOOLE, UNKNOWN OFFICERS, and CITY OF CHICAGO, for Conspiracy Pursuant to Section 1983**

60.      Plaintiff, SYLVESTER BONNER Jr., incorporates and realleges paragraphs 1 - 27, as though set forth herein in their entirety.

15

61. The above acts were committed with knowledge and by agreement of defendants O'TOOLE and UNKNOWN OFFICERS to act in concert to violate the constitutional rights of plaintiff, BONNER.

62. By reason of the conduct of defendant police officers O'TOOLE and UNKNOWN OFFICERS, plaintiff, BONNER, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants are liable to plaintiff pursuant to 42 U.S.C. §1983.

63. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

      a.    As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

      b.    As a matter of both policy and procedure, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiff.

      c.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department agree to act

16

in concert to violate the constitutional rights of citizens in a manner
similar to that alleged by plaintiff in this Count on a frequent basis, yet
the Chicago Police Department makes findings of wrongdoing in a
disproportionately small number of cases.

    d.    Municipal policy-makers are aware of , and condone and facilitate by
their inaction, a "code of silence" in the Chicago Police Department, by
which officers fail to report misconduct committed by other officers,
such as the misconduct at issue in this case.

    e.    The City of Chicago has failed to act to remedy the patterns of abuse
described in the preceding paragraphs, despite actual knowledge of same,
thereby causing the types of injuries alleged here.

64.    By reason of the policy and practice of the Chicago Police Department, plaintiff,
BONNER, was deprived of rights, privileges and immunities secured to him by the Fourth and
Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.
Therefore, the City of Chicago is liable to plaintiff pursuant to 42 U.S.C. §1983.

## <u>COUNT VII</u>
**Plaintiff, BONNER, Against Defendant CITY OF CHICAGO for Indemnification
(735 ILCS 10/9-102)**

65.    Plaintiff, SYLVESTER BONNER Jr. , incorporates and realleges paragraphs 1 -
27, as though set forth herein in their entirety.

66.    In Illinois, public entities are directed to pay any tort judgment for compensatory
damages for which employees are liable within the scope of their employment activities.

17

67.     Defendant O'TOOLE and UNKNOWN OFFICERS were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

68.     Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

WHEREFORE, plaintiff, SYLVESTER BONNER Jr., by and through his attorney, Irene K. Dymkar, requests judgment as follows against defendants, DANIEL O'TOOLE, UNKNOWN OFFICERS, and CITY OF CHICAGO, on each and every claim:

1.     That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

2.     That defendants be required to pay plaintiff special damages,

3.     That defendants be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

4.     That defendants be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

5.     That defendants be required to pay plaintiff costs of the suit herein incurred, and

6.     That plaintiff be granted such other and further relief as this Court may deem just and proper

**Plaintiff HEREBY REQUESTS A TRIAL BY JURY.**

Dated: February 10, 2012                          /s/     Irene K. Dymkar
                                                          Irene K. Dymkar


Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123