UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

SYLVESTER BONNER, JR.,            )
                                  )
              Plaintiff,          )   Case. No. 12 C 981
         v.                       )
                                  )   Judge John J. Tharp, Jr.
DANIEL O'TOOLE, et al.,           )
                                  )   Magistrate Judge Arlander Keys
              Defendants.         )

                    **MEMORANDUM OPINION AND ORDER**

   Plaintiff Sylvester Bonner has sued the City of Chicago and various police officers in connection with what he claims was an illegal search of his home on February 12, 2010. Although it is undisputed that the officers who entered Mr. Bonner's home did so pursuant to a warrant, Mr. Bonner claims that the warrant was procured by fraud – either through the deliberate use of false information or the deliberate use of an unreliable confidential informant. Mr. Bonner alleges that the City, through explicit or implied policies and practices, condones the procurement of warrants by such means. Mr. Bonner's complaint, filed on February 12, 2012, alleges violation of his Fourth and Fourteenth Amendment rights, as well as a *Monell* claim, *see Monell v. Department of Social Services*, 436 U.S. 658 (1978); in the latter, he alleges that the City failed to train its officers in the use of informants and maintains a code of silence that allows officers to obtain warrants by using fraudulent information.

The case is again before the Court on a motion to compel. Mr. Bonner seeks to compel the City to produce discovery relating to six searches he claims occurred in the same apartment building where his incident occurred; he also seeks to compel discovery relating to eleven lawsuits in which Officer O'Toole is named as a defendant. Turning to the former, the City has represented that, of the six searches, four took place on or before the date of the search of Mr. Bonner's apartment and two took place after the search of Mr. Bonner's apartment. The City has further represented that it has produced documents relating to the four, but not the latter two. The Court agrees that searches that happened after Mr. Bonner's apartment was searched cannot possibly be relevant to this case. To prove his *Monell* claim, Mr. Bonner will have to show that the City's custom or policy caused the deprivation of his rights; evidence that the policy existed after the fact would have no bearing on the issue. *E.g., Mayer v. Edwards,* 538 F. Supp. 2d 1041, (N.D. Ill. 2008)(citing *Board of County Commissioners of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997); *Woodward v. Correctional Med. Servs. of Ill., Inc.,* 368 F.3d 917, 929 (7th Cir. 2004)). *See also Acuna v. Rudzinski*, No. 00 C 5635, 2001 WL 1467529, at *1-2 (N.D. Ill. Nov. 16, 2001)(emphasizing that *prior* incidents may be compelled as relevant under a *Monell* theory). Accordingly, the Court agrees with the position the City has taken on the matter; to the

extent additional discovery exists concerning the four searches, it should be produced; the motion to compel is denied as to the other two searches.

In its most recent discovery rulings, the Court determined that the City

> should not be required to produce discovery relating to search warrants where Officer O'Toole was not the affiant, did not himself seek and obtain the warrant at issue. The Court does not see – and Mr. Bonner has not explained – how such discovery is relevant to the claims alleged in this lawsuit. In response to the defendants' relevance argument, Mr. Bonner simply asserts that discovery should be broad and that the defendants should not be permitted unilaterally to determine what is and what is not relevant. Both of those assertions are true. But they do nothing to establish the relevance of the documents requested.

Memorandum Opinion and Order dated December 18, 2012, pp. 6-7. Before turning to the merits of the motion to compel discovery relating to the eleven cases identified by Mr. Bonner, the Court notes that this finding applies with equal force today. Discovery is broad, but counsel is not entitled to discovery that can have no possible relevance to the claims her client has alleged in this case; that is true whether the discovery pertains to search warrants or to lawsuits.

Turning to the eleven cases identified by Mr. Bonner, the City has produced for *in camera* inspection its files relating to those cases and the Court has now reviewed those files page by page, as well as the pleadings and other materials available through the Court's electronic docket management system. After

3

reading everything, the Court finds that the vast majority of the materials are not relevant and need not be produced.

*Gooden v. City of Chicago*, No. 05 C 5663, is a case having nothing to do with warrants or illegal searches; the same is true of *Sims v. City of Chicago*, No. 06 C 1707; *Jackson v. Mack*, No. 08 C 556; and *King v. O'Toole*, No. 08 C 4358. The materials relating to these cases are not relevant and need not be produced. *See, e.g., Acuna,* 2001 WL 1467529, at *1-2 (evidence relating to "a charge of a completely different kind of misconduct than alleged against the officer in the federal complaint would ordinarily be irrelevant for any purpose, and its production in discovery would not be compelled").

*McCadd v. Murphy*, 09 C 1958, does involve an illegal search claim, but the case does not involve a warrant or any allegations concerning the procurement of a warrant using improper means; the same is true of *Matthews v. Matthews*, 10 C 8173; and *Pinex v. City of Chicago*, No. 11 C 3896. These last two cases also involve searches that took place after the incident involving Mr. Bonner's home, making them irrelevant for that additional reason as well.

*Martinez v. Montacor*, No. 06 C 696, does involve an illegal search claim and a warrant, but Officer O'Toole was not the affiant on the warrant. The same is true of *Walker v. City of Chicago*, 12 C 1422; additionally, the search in *Walker* occurred

4

after Mr. Bonner's home was searched.

In *Echevarria v. City of Chicago*, No. 11 C 7171, the plaintiff alleges both an unreasonable search claim and a claim based upon the unreasonable procurement of a search warrant against O'Toole. But, again, the allegedly unconstitutional activity all took place after the incident involving Mr. Bonner's home; it can have no possible relevance to this case.

*Dew v. City of Chicago*, No. 07 C 981, on the other hand, is relevant and Mr. Bonner is entitled to discovery relating to that case. In *Dew*, the plaintiffs alleged that Officer O'Toole and other officers entered their residence without consent; they alleged illegal search and seizure and excessive force in violation of 42 U.S.C. §1983. The allegations are similar in that the warrant involved, on which Officer O'Toole served as the affiant, identified the subject property as Apt. 1A, while the plaintiffs lived in Apt. 1C. And the incident occurred prior to the incident involving Mr. Bonner's apartment.

The City produced to the Court its Law Department files, which include the Complaint Register file stemming from the incident. And it has represented that the CR file has already been produced to Mr. Bonner. After reviewing the remainder of the materials, the Court finds that they are not discoverable, either because they are not relevant (the plaintiffs' health records and criminal history reports, for example) or because

they are privileged (attorney work product).  Thus, although Mr. Bonner is entitled to discovery concerning the *Dew* case, he has already been provided with all relevant discovery in the City's possession.  The motion to compel is denied as to the 11 cases identified by Mr. Bonner.

Finally, at the hearing on Mr. Bonner's most recent motion to compel, counsel for Mr. Bonner represented that, with respect to the 45 warrants on which Officer O'Toole served as the affiant, the City had not produced certain categories of documents (including photographs, arrest reports and records from the Office of Emergency Management and Communication).  The City represented that such discovery had not been produced because it had not been requested.  And, based upon what is included in the motion to compel, it appears that may be the case.  But, in the interest of avoiding the need for further court intervention on the issue, to the extent requested, it must be produced for those 45 warrants within seven days of the date of this decision.

## Conclusion

For the reasons set forth above, the Court grants in part and denies in part Mr. Bonner's Motion to Compel [#124].

Dated: February 6, 2013

E N T E R:

*[signature: Arlander Keys]*

ARLANDER KEYS
United States Magistrate Judge